UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Criminal Case No. 1:18-cr-00389-3

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JERAMYAH GONZALEZ,

    Defendant.

___

**ORDER ON MOTION FOR COMPASSIONATE RELEASE**
___

    After considering the applicable factors provided in 18 U.S.C. § 3553(a) and 18 U.S.C. § 3582(c)(1)(A), and the applicable policy statements issued by the Sentencing Commission, the motion is denied for the following reasons:

    1. Mr. Gonzalez is a 38-year old gentleman who was sentenced on July 26, 2019 to the statutory minimum of two years imprisonment (plus one year of supervised release) for his conviction on Count 7, Aggravated Identity Theft.  He and four other family members, all being co-defendants in this case, participated in a scheme to fraudulently obtain student aid funds from the U.S. Department of Education and local community colleges.  Mr. Gonzalez obtained personally identifiable information related to fellow employees at his place of employment, used the information without their knowledge or consent to sign up for financial aid; and diverted aid funds to himself rather than using them for educational purposes.  For his part in the scheme he was ordered to pay restitution to the U.S. Department of Education of $9,757.00; to the

Community College of Denver of $7,734.98; and to victim "A.M." of $1,369.57. He has served approximately half of his sentence.

2. Mr. Gonzalez's motion is based on his fear of contracting COVID-19, compounded by the facts that he is obese and has been diagnosed with diabetes and hypertension. ECF No. 191 at 1-2. Those conditions would place him in a higher risk category for complications if he does contract the virus.

3. The government concedes that Mr. Gonzalez has exhausted his administrative remedies, but it opposes the motion for several reasons. ECF No. 193. Regarding the medical issues, he has lost 40 pounds in prison, reducing his BMI from 41.1 to 35.1. *Id.* at 7. Also, his physician has taken him off his diabetes medication and has reported that he "feels well, weight is stable." *Id.* He does not meet the medical condition category of extraordinary and compelling reasons for a compassionate release per U.S.S.G. § 1B1.13, cmt. n.1(A). The government points out that the BOP has implemented measures to mitigate the risk of COVID-19, and that Mr. Gonzalez has not contracted the virus in the approximately nine pandemic months he has spent at FCI Englewood. The government also argues that release at about 50% of his sentence would undermine the goals of criminal sentencing. *See id.* at 9-12.

4. The Court finds that Mr. Gonzalez's obesity, which to his credit he has substantially decreased while he has been in prison, and his diabetes, which has improved to the point that he is no longer being prescribed medication, provide marginal grounds for a compassionate release. He is, in fact, a young man in largely good health, and the measures enacted at FCI Englewood have apparently been successful to date in his case. By those observations I do not mean to understate the danger of COVID-19 in the prisons, but those dangers are also present outside the prisons as well. It is also significant to the Court that Mr. Gonzalez has served only about half of

his sentence, which stands out given his criminal history.  The Court cannot find in the circumstances that release at this time is warranted.

## ORDER

For the foregoing reasons, defendant's motion for compassionate release, ECF No. 191, is DENIED.

Dated November 24, 2020:

BY THE COURT:

R. Brooke Jackson

United States District Judge